# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

BRIAN PETER TROIANO

Debtor.[1]

_____/

Case No. 8:25-bk-00845-CED
Chapter 13

## TRUSTEE'S UNFAVORABLE RECOMMENDATION AND OBJECTION CONCERNING CONFIRMATION OF THE PLAN

TO: Clerk, United States Bankruptcy Court

Trustee's Recommendation to the Court. The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time and objects to confirmation based on the following:

1. The Trustee requests the following additional documents, to be provided within twenty-one (21) days unless otherwise specified, to determine if the Debtor has dedicated all disposable income to the Plan and/or met the best interest of creditors test:

   a. personal income tax return for 2023;

   b. personal and business income tax returns for 2024;

   c. pay advices/proof of monthly income for month of filing and for five months thereafter from all sources. For business/self-employment, this includes monthly profit and loss statements and supporting bank account statements annotated to show all income for any business and all expenses that are solely business expenses and duplicated by any personal expenses. The Debtor shall provide up-to-date income information as above two weeks prior to any set confirmation hearing;

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.

    d. copies of all bank account statement as of the petition date and for six months prior to filing, including business bank account statements which must be annotated to show all business income and all actual business expenses;

    e. update on status of employment;

    f. valuation/appraisal of all businesses and business assets or assets used in a business of the Debtor, by a qualified third-party appraiser as of the petition date;

    g. proof of bank account exemption; and

    h. copy of January 2025 business bank account statements.

2. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B). Debtor(s) Official Form 122C-2 needs to be amended to correct line 16 because it is overstated based on the Debtor's pay advices/testimony/tax returns and correct line 29 to list $0 or provide proof to the Trustee of the expense.

3. The Plan does not appear to meet the best interest of creditor's test pursuant to 11 U.S.C. §1325(a)(4) because it appears the Plan does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Debtor has not listed the following property/value of property on Schedule A/B: Troiano International, Inc. if applicable;

    b. The Debtor is not entitled to the benefits of the exemptions under the Florida Constitution Art. X §4 or Florida Statutes §222. An Amended Schedule C must be filed. Debtor cannot claim bank account exempt as wages as Debtor is self-employed and is the owner of the business they work for;

    c. The Trustee is uncertain that the value of certain assets listed on Schedule A/B is correct. Unless otherwise agreed, the Debtor must obtain an appraisal of the assets pursuant to the Court's Administrative Order Prescribing Procedures for Chapter 13 Cases.

    4. An Amended Plan must be filed because the Plan fails to provide for the treatment of the secured and priority claim of the Internal Revenue Service pursuant to 11 U.S.C. §1325(a)(5) and/or 11 U.S.C. §1322.

    5. The Debtor's Statement of Financial Affairs must be amended in Part 2, Question 4 and/or 5 to include the gross amount of income from all sources during the two years immediately preceding this calendar year and the year to date, specifically 2024, as zero is incorrect.

    6. It appears that this case is a business case and the Chapter 13 Trustee's office may further investigate the Debtor's business. The Debtor shall, on or before April 15 of each year following confirmation of the Plan, provide the Chapter 13 Trustee with complete copies of all personal and business federal income tax returns from the prior year, together with all W-2s and Form 1099s.

    7. Any dispute as to whether the Debtor has filed all required tax returns must be resolved prior to Debtor's Plan being confirmed.

    8. The Trustee reserves the right to request further information or raise further objections prior to or at the confirmation hearing.

    I HEREBY CERTIFY that a true and correct copy of the Trustee's Unfavorable Recommendation and Objection Concerning Confirmation of the Plan was furnished electronically and/or by First Class U.S. Mail to BRIAN P. TROIANO, 12191 W. Linebaugh

Ave., PMB #512, Tampa, FL 33626; THOMAS A. NANNA, P.O. Box 66626, St. Pete Beach, FL 33736; and the U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, on this 20th day of March, 2025.

    /s/ William C. Harrison, Esquire
WILLIAM C. HARRISON., ESQUIRE
Post Office Box 89948
Tampa, Florida 33689-0416
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0896731
Attorney for the Trustee

KR/jn