# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
### www.flmb.uscourts.gov

In re:

                                                                   Chapter 13
Case No.: 8:25-bk-00845-CED

**Brian Peter Troiano**,

    Debtor

_____/

## OBJECTION TO CONFIRMATION OF
## DEBTOR'S PROPOSED CHAPTER 13 PLAN [D.E. 2]

Secured Creditor, U.S. Bank Trust National Association, as Trustee of BKPL-EG Basket Trust as serviced by S.N. Servicing Corporation, its successors and/or assignees ("**Secured Creditor**"), objects to confirmation of Brian Peter Troiano's (the "**Debtor**") proposed Chapter 13 Plan [D.E. 2] filed on February 11, 2025, and states:

1. Secured Creditor holds a secured claim by virtue of that certain Fixed/Adjustable Rate Note dated January 12, 2018, which is secured by a Mortgage recorded on January 12, 2018, as document number 2018019634, Book 25494, Page 380-395, in the Public Records of Hillsborough County, Florida, encumbering real property located at *10119 Parley Drive, Tampa, FL 33626* ("**Property**").

2. On February 11, 2025 ("**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

3. On February 11, 2025, the Debtor filed the proposed Chapter 13 Plan [D.E. 2] which proposes to cure a pre-petition arrearage of $129,000.00 and pay a post-petition payment of $4,166.00.

4. On March 19, 2025, Secured Creditor filed its Proof of Claim, Claim 5-1, which evidenced a total claim amount owed to Secured Creditor is $634,909.09, pre-petition arrears

owed to Secured Creditor is $180,835.22, and a monthly post-petition mortgage payment owed to Secured Creditor is $2,801.15.

5. The Debtor's Plan does not provide for cure of the full pre-petition arrears owed to Secured Creditor. The plan pays arrears in the amount of $129,000.00; however, the accurate figure is $180,835.22. As a result, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii). Accordingly, the Debtor will be required to amend their plan.

6. Moreover, the plan does not comply with 11 U.S.C. §1325 and is not feasible. Pursuant to Schedule I and J, the Debtor's net monthly income is $7,480.00. Such amount is insufficient to fund the plan and fully provide for Secured Creditor's claim as filed. Additionally, the Debtor's historical income is substantially lower than the current reported income. Pursuant to the Debtor's Statement of Financial Affairs, the Debtor's gross income for the year of 2023 was $64,000 and only $44,000 in 2022. As a result, the proposed Plan is not feasible. Therefore, the Plan cannot be confirmed. *11 U.S.C. §1325(a)(6)*.

7. Additionally, pursuant to 11 U.S.C §1325(a)(3), this Court is required to find that the plan has been proposed in good faith in order to confirm a Plan. Based on the Debtor's history of discrepancies in reported income, this case and Plan does not appear to be filed in good faith and thus, the Plan cannot be confirmed.

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed Plan and requests the following:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief that this Court deems just and proper.

**Dated:** 03/25/2025

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
10800 Biscayne Blvd., Suite 201
Miami, FL 33161
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)

# CERTIFICATE OF SERVICE

On  03/25/2025  , I served the foregoing document described as Objection to Confirmation of Debtor's' Proposed Chapter 13 Plan on the following individuals by electronic means through the Court's ECF program:

**COUNSEL FOR DEBTOR**
Thomas A. Nanna				thomas@nannalaw.com


**CHAPTER 13 TRUSTEE**
Kelly Remick


**U.S. TRUSTEE**
Office of the US Trustee – TPA7/13,7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL  33602
(Via ECF)

By depositing true copies thereof in the United States mail at Miami, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Brian Peter Troiano
12191 W. Linebaugh Ave., PMB#512
Tampa, FL  33626

**CO-BORROWER**
Jennifer Troiano
12191 W. Linebaugh Ave., PMB#512
Tampa, FL  33626

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Jennifer Hernandez