**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

BRIAN PETER TROIANO

                                                    CASE NO. 8:25-bk-00845-CED

          Debtor.

_____

**FIRST AMENDED CHAPTER 13 PLAN**

A.      **NOTICES**.

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation that may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included ☐ | Not Included ☒ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included ☐ | Not Included ☒ |
| Provisions for student loan(s), set out in Section E. | Included ☐ | Not Included ☒ |
| Nonstandard Provisions, set out in Section E. | Included ☐ | Not Included ☒ |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO US BANK TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | Included ☒ | Not Included ☐ |

**NOTICE TO DEBTOR:  IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

Effective December 4, 2023

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

Effective December 4, 2023

B.      **MONTHLY PLAN PAYMENTS.** Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from the petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$6,840.00          from month 1 through 60

C.      **PROPOSED DISTRIBUTIONS.**

1.      **ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $5,000        Total Paid Prepetition $3,600        Balance Due $1,400**

**MMM Fee $_____   Total Paid Prepetition $_____   Balance Due $_____**

**Estimated Monitoring Fee at $50 per Month.**

**Attorney's Fees Payable Through Plan at $ 100 Monthly (subject to adjustment).**

2.      **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. § 101(14A)).**

| Acct. No. | Creditor | Total Claim Amount |
|-----------|----------|--------------------|
| NONE      |          |                    |
|           |          |                    |

3.      **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|-------------------------------|----------|--------------------|
| NONE                          |          |                    |
|                               |          |                    |

4.      **TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

5.      **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a) Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain — Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| 8760 | US BANK | 10119 PARLEY DR. TAMPA, FL 33626 | $2,801.15 | $2,801.15 | $180,835.22 |
|  |  |  |  |  |  |

**(b) Claims Secured by Other Real Property that Debtor Intends to Retain — Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| **NONE** |  |  |  |  |  |
|  |  |  |  |  |  |

3

**(c) Claims Secured by Real Property — Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's Procedure Manual on the Court's website, www.flmb.uscourts.gov.** Pending the resolution of the MMM, the Plan Payments must include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments must be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| NONE | | | |
| | | | |

**(d) Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation Applies (Strip Down).** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| NONE | | | | | | |
| | | | | | | |

**(e) Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion (i) under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, nonpurchase-money security interest because it impairs an exemption or (ii) under 11 U.S.C. § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| NONE | | |
| | | |

4

**(f) Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either:  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**(g) Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan Under 11 U.S.C. § 1322(b)(2)** ==**and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan**==). The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**(h) Claims Secured by Personal Property — Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1322(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

**(i) Secured Claims Paid Directly by Debtor.** The following secured claims are paid via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| 2158 | ALLY BANK | FORD EXPEDITION |
| 3247 | TOYOTA MOTOR CREDIT CORP/AKA LEXUS FININANCIAL | LEXUS GS |
| | WESTCHASE COMMUN. ASSOC | 10119 PARLEY DR- TAMPA, FL |
| | RENEW FINANCIAL | 10119 PARLEY DR- TAMPA, FL |
| | SUNCOAST ROOFING | 10119 PARLEY DR- TAMPA, FL |

**(j) Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |
| | | |

**(k) Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |

6.    **LEASES/EXECUTORY CONTRACTS**. As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

**(a) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1322(b)(7).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

**(b) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contracts that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
| NONE | | |
| | | |

**(c) Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|

| NONE | | |
|---|---|---|
| | | |

7.        **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $20,000.

D.        **GENERAL PLAN PROVISIONS:**

1.        Secured creditors, whether or not provided for under the Plan, shall retain the liens securing their collateral.

2.        Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3.        If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    **(a)** _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    **(b)** X shall vest in Debtor upon confirmation of the Plan.

4.        The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.        Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.        Debtor must timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor must provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor must provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless consented to by the Trustee or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor must not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

9

_____
_____
_____

E.  **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note:  Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken. **NONE**

### CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

**SIGNATURE(S):**

Debtor

_____   Date ___March 25th 2025___

BRIAN PETER TROIANO

Attorney for Debtor(s)

/S/ THOMAS A. NANNA                              MARCH 25, 2025

_____   Date _____

1C

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

BRIAN PETER TROIANO

                                                        CASE NO. 8:25-bk-00845-CED

       Debtor.

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the attached FIRST AMENDED CHAPTER 13 PLAN has been furnished via electronic delivery to Chapter 13 Trustee- Kelly Remick and via US Mail to all creditors and interested parties on the attached Mailing Matrix on March 30, 3025.


                            /s/ Thomas A. Nanna

                      _____
                      THOMAS A. NANNA, ESQ.
                      FLA. BAR NO. 45543
                      PO BOX 66626
                      ST. PETERSBURG, FL 33736
                      PHONE (813) 323-2395
                      Thomas@NannaLaw.com

1

Label Matrix for local noticing
113A-8
Case 8:25-bk-00845-CED
Middle District of Florida
Tampa
Mon Mar 31 10:47:03 EDT 2025

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

United States Trustee - TPA7/13 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

(p)AUTOMATED COLLECTION SERVICES INC ACSI
PO BOX 17423
NASHVILLE TN 37217-0423

ADVENT HEALTH
12470 TELECOM DR STE 500
Tampa FL 33637-0933

ALLY FINANCIAL, INC
ATTN: BANKRUPTCY
PO BOX 380901
BLOOMINGTON IL 55438-0901

(p)AMERIFIRST HOME IMPROVEMENT FINANCE
11171 MILL VALLEY ROAD
OMAHA NE 68154-3933

Ally
PO Box 78252
Phoenix AZ 85062-8252

BAYCARE HEALTH
PO BOX 31696
Tampa FL 33631-3696

BUSINESS CARD
PO BOX 23066
Columbus GA 31902-3066

Barclays Bank Delaware
125 S. West St
Wilmington DE 19801-5014

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CARDMEMBER
PO BOX 790408
Saint Louis MO 63179-0408

COMENITY BANK/VICTORIA SECRET
ATTN: BANKRUPTCY
PO BOX 182125
COLUMBUS OH 43218-2125

CREDIT COLLECTION
725 CANTON ST
Norwood MA 02062-2679

Capital One
PO Box 650007
Dallas TX 75265-0007

Chase
PO Box 78116
Phoenix AZ 85062-8116

(p)PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

Department of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

Direct TV
PO Box 78626
Phoenix AZ 85062-8626

EMERGENCY MEDICAL
PO BOX 9430
Daytona Beach FL 32120-9430

FLORIDA HOSPITAL NEW SMYRNA
MEDICREDIT
PO BOX 1629
Maryland Heights MO 63043-0629

First National Bank of Omaha
P.O. Box 2040
Omaha, NE 68103-2040

Florida Hospital
3100 East Fletcher Ave
Tampa FL 33613-4613

GABA LAW CORP
8583 IRVINE CENTER DR
STE 500
Irvine CA 92618-4298

GHIDOTTI BERGER LLP
10800 BISCAYNE BLVD
STE 201
ATTN. CHRISTOPHAL HELLEWELL
Miami FL 33161-7538

GM FINANCIAL
801 CHERRY STREET, STE. 3600
FORT WORTH TX 76102-6855

GM FINANCIAL leasing
PO BOX 78143
Phoenix AZ 85062-8143

GULF COAST COLL
PO BOX 21239
Sarasota FL 34276-4239

Higher ED Loan Authority of MO on behalf of
PO BOX 16408
St. Paul, MN 55116-0408

IC System
PO Box 64378
Saint Paul MN 55164-0378

IDEAL COLL
P.O. BOX 272407
TAMPA FL 33688-2407

IRS
PO Box 7346
Philadelphia PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMCB
MAILCODE LA4-7100
700 KANSAS LANE
MONROE LA 71203-4774

KATHELEEN  RERES
SHUMAKER LOOP KENDRICK
101 E. KENNEDY BLVD
STE 2800
Tampa FL 33602-5153

LEXUS FINANCIAL SERVICES
PO BOX 4102
Carol Stream IL 60197-4102

MACFARLANE  FERGUSON MCMULLE
201 N. FRANKLIN ST
Tampa FL 33602-5627

MANUEL GIALOUSIS
C/O JUSTIN ZINZOW
35111 US HWY 19 NORTH
STE 302
Palm Harbor FL 34684-1934

MOHELA/NAVIENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Medicredit
PO Box 16023
Saint Louis MO 63105-0723

NATIONAL ENTERPRISE
2479 EDISON BLVD
UNIT A
Twinsburg OH 44087-2476

NEWREZ
ATTN: BANKRUPTCY
PO BOX 10826
GREENVILLE SC 29603-0826

ORSATTI AND ASSOC
2925 ALT 19
STE B
Palm Harbor FL 34683-1944

(p)PROSPER MARKETPLACE INC
221 MAIN STREET STE 300
SAN FRANCISCO CA 94105-1909

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

RADIOLOGY SPEC OF FLA
PO BOX 864552
Orlando FL 32886-4552

RADIUS GLOBAL
PO BOX 390846
Minneapolis MN 55439-0846

RENEW FINANCIAL
1620 E. ROSEVILLE PKWY
STE. 240
Roseville CA 95661-3303

ROCKET LOANS
ATTN: BANKRUPTCY
1050 WOODWARD AVE
DETROIT MI 48226-3573

SAFE TOUCH
C/O LESTER JACKSON
9600 SUNBEAM CTR
Jacksonville FL 32257-1101

SELECT PORTFOLIO SERVICING, INC
ATTN: BANKRUPTCY
PO BOX 65250
SALT LAKE CITY UT 84165-0250

SLICE
1620 DODGE ST
Omaha NE 68197-0003

(c)SLS
8742 KENDRICK CASTILLO WAY STE 300
HIGHLANDS RANCH CO  80129-3155

Shumacker Loop and Kendrick
PO Box 172609
Attn: Ellis Jonathan Esq
Tampa FL 33672-0609

TAROKH LAW
PO BOX 10827
Tampa FL 33679-0827

TOYOTA FINANCIAL SERVICES
ATTN: BANKRUPTCY
PO BOX 259001
PLANO TX 75025-9001

TOYOTA FINANCIAL SERVICES
ATTN: BANKRUPTCY
PO BOX 259004
PLANO TX 75025-9004

TRANSWORLD SYSTEMS
500 VIRGINIA DR
STE 514
Fort Washington PA 19034-2733

TRANSWORLD SYSTEMS
PO BOX 15379
Wilmington DE 19850-5379

Tampa Bay Radiology
PO Box 47509
Tampa FL 33646-0113

Tampa Bay Radiology
PO Box 743854
dept 40015
Atlanta GA 30374-3854

Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association, et al.
323 5th Street
Eureka, CA 95501-0305

UBS BANK
PO BOX 203219
Dallas TX 75320-3219

(p)UBS BANK USA
ATTN SLG GROUP
1000 HARBOR BLVD
8TH FLOOR
WEEHAWKEN NJ 07086-6761

UBS Band USA c/o Craig Darvin
1000 Harbour Boulevard
Weehawken, NJ 07086-6761

UBS Bank USA c/o Craig Darvin
1000 Harbour Boulevard
Weehawken NJ 07086-6761

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US BANK TRUST NATIONAL ASSOC
C/O GHIDOTTI BERGER LLP
10800 BISCAYBNE BLVD STE 201
Miami FL 33161-7538

WELLS FARGO BANK NA
ATTN: BANKRUPTCY
1 HOME CAMPUS MAC X2303-01A 3RD FLOOR
DES MOINES IA 50328-0001

WEST PARK VILLAGE APTS
C/O IDEAL COLLECTIONS
PO BOX 272407
Tampa FL 33688-2407

WF/PREFERRED
ATTN: BANKRUPTCY
PO BOX 51193
LOS ANGELES CA 90051-5493

Wells Fargo
PO Box 98784
Las Vegas NV 89193-8784

acsi
po box 1489
Goodlettsville TN 37070-1489

alliance one
3043 walton rd
ste 201
Plymouth Meeting PA 19462-2389

arm
po box 2829
Camarillo CA 93011

ars national services
po box 469046
Escondido CA 92046-9046

asset care
3400 texoma pkwy
ste 300
Sherman TX 75090-1916

bay care
po box 31696
Tampa FL 33631-3696

berkovitch and bouskila
1545 us 202
ste 101
Pomona NY 10970-2951

bfg llc
116 west 23rd st
ste 74
New York NY 10011-2599

caci
po box 791
Bridgeton MO 63044-0791

capio partners
3400 texoma pkwy
ste 100
Sherman TX 75090-1916

cbe
po box 2217
Waterloo IA 50704-2217

childrens medical
31860 us 19 north
Palm Harbor FL 34684-3713

clearwater pathology
po box 14433
Orlando FL 32814

crown asset
3100 breckinridge blvd
ste. 725
Duluth GA 30096-7605

dedicated ffinancial
1970 oakcrest ave
ste 217
Saint Paul MN 55113-2624

direct tv
po box 5007
Carol Stream IL 60197-5007

elan financial
po box 7790084
Saint Louis MO 63179

florida hospital
po box 864810
Orlando FL 32886-4810

florida sports ortho
po box 14000
Belfast ME 04915-4033

holloway funding
1416 s. main st
Adrian MI 49221-4364

mitchell d bluhm
1313 n. travis st
ste 103
Sherman TX 75092-5165

navient
po box 740351
Atlanta GA 30374-0351

nyse market
po box 73514
Chicago IL 60673-7514

portfolio
po box 12903
Norfolk VA 23541-0903

richard radman
708 jupiter st
Golden CO 80401

rocket loan
1274 library st
2nd floor
Detroit MI 48226-2256

sls
323 5th st
Eureka CA 95501-0305

suncoast roofing solutions
6222 IROQUOIS CT
Odessa FL 33556-3322

usb bank
c/o joshua s. bratspies
210 park ave
2nd floor
NJ 07932-1056

westchase community ass
4131 Gunn Hwy
Tampa FL 33618-8725

BRIAN PETER TROIANO
12191 W. LINEBAUGH AVE.
PMB #512
Tampa, FL 33626-1732

Kelly Remick
Chapter 13 Standing Trustee
Post Office Box 89948
Tampa, FL 33689-0416

Thomas A Nanna
Thomas A Nanna PA
PO Box 66626
St. Pete Beach, FL 33736-6626

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

ACSI
2802 OPRYLAND DR
Nashville TN 37214

AMERIFIRST HOME IMPROVEMENT FINANCE
ATTN: BANKRUPTCY
11171 MILL VALLEY RD
OMAHA NE 68154

Compass Bank
PO Box 10566
Birmingham AL 35296

DSNB BLOOMINGDALES
ATTN: BANKRUPTCY
PO BOX 8053
MASON OH 45040

(d)PNC BANK
PO BOX 856177
Louisville KY 40285

PROSPER
221 MAIN ST
STE. 300
San Francisco CA 94105

```
UBS BANK USA                          US BANK
299 SOUTH MAIN STREET                 PO BOX 790408
SALT LAKE CITY UT 84111               Saint Louis MO 63179
```

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

```
SLS
8742 LUCENT BLVD
STE. 300
Littleton CO 80129
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)U.S.Bank Trust National Association, as Tr      (u)FNBO SLICE                    End of Label Matrix
                                                                                   Mailable recipients   109
                                                                                   Bypassed recipients     2
                                                                                   Total                  111
```

**(i) Secured Claims Paid Directly by Debtor.** The following secured claims are paid via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| 2158 | ALLY BANK | FORD EXPEDITION |
| 3247 | TOYOTA MOTOR CREDIT CORP/AKA LEXUS FININANCIAL | LEXUS GS |
| | WESTCHASE COMMUN. ASSOC | 10119 PARLEY DR- TAMPA, FL |
| | RENEW FINANCIAL | 10119 PARLEY DR- TAMPA, FL |
| | SUNCOAST ROOFING | 10119 PARLEY DR- TAMPA, FL |

**(j) Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |
| | | |

**(k) Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |